# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4853 | **DATE** | 10/25/2001 |
| **CASE TITLE** | ROOSEVELT WILDER vs. DWAYNE CLARK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff, Wilder's application for a certificate of appealability is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 29 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 45 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | 01 OCT 26 PM 26 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| UNITED STATES ex. rel., ) | |
| ROOSEVELT WILDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 99 C 4853 |
| ) | |
| DWAYNE CLARK, ) | Judge John W. Darrah |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Roosevelt Wilder (Wilder), seeks a certificate of appealability following the denial of his petition for writ of habeas corpus.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue...."

On September 24, 2001, this Court considered petitioner's petition on the merits and denied such petition. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is ... The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his petition, Wilder raised six grounds for relief: (1) ineffective assistance of trial counsel

for failure of trial counsel to present a plausible defense, (2) denial of due process where the State failed to disclose material evidence, (3) error by the trial court in allowing the State to lead a witness, (4) petitioner did not knowingly and intelligently waive his right to a jury trial, (5) error by the trial court in not "making sure" that the jury waiver was made knowingly and intelligently, and (6) ineffective assistance of appellate counsel.

In his ineffective assistance of trial counsel claim, Wilder alleged that his trial counsel was ineffective because she failed to determine if Wilder was fit to stand trial and/or assert the affirmative defense of intoxication. This Court found that Wilder's claims of ineffective assistance of counsel failed because he failed to show that his counsel's representation fell below an objective standard of reasonableness and he failed to show prejudice. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). This Court found that petitioner failed to present substantial facts supporting his claim that he was incompetent during trial and that the record supported the opposite conclusion. Furthermore, the trial record indicated that trial counsel did assert the defense of intoxication. Petitioner has not shown that these findings were debatable or wrong.

Wilder also claimed that he was denied his due process rights because the State failed to disclose material evidence. This claim was denied because the petitioner failed to establish that the evidence in question was favorable to his defense. *See United States v. Hartbarger*, 148 F.3d 777, 786 (7th Cir. 1998). Presently, petitioner has failed to demonstrate that this finding was debatable or wrong.

Next, petitioner argued that his due process rights were violated because the trial court erred and manifestly abused its discretion by allowing the State's Attorney to ask leading questions during a witness's testimony. A review of the questions cited by petitioner were found to be leading.

2

However, a review of the questions established that there was no abuse of discretion in the trial court's allowance of the leading questions in issue, and no denial of due process occurred. *See People v. Terrell*, 185 Ill.2d 467 (1998); *United States v. Page*, 1999 WL 731709 (N.D.Ill. Aug. 30, 1999). Petitioner has failed to show that the Court's finding was debatable or wrong.

Petitioner also argued that his constitutional rights were violated because he did not knowingly and intelligently waive his right to a jury trial. In a related claim, he alleged that his due process rights were violated because the trial court did not "make sure" that he knowingly and intelligently waived his right to a jury trial.

This Court found that the trial record demonstrated that the trial judge did adequately question the plaintiff concerning waiving a trial by jury and that petitioner failed to present evidence that he did not voluntarily and intelligently waive his right to a jury trial. Petitioner has failed to show that these findings were debatable or wrong.

Lastly, Wilder claimed that he was denied effective assistance of appellate counsel because appellate counsel failed to raise the above issues. The Court found that because Wilder would not have been entitled to relief on the above issues, as found above, Wilder could not have been prejudiced by counsel's failure to raise these issues on appeal. Accordingly, his claim of ineffective assistance of appellate counsel failed. Petitioner has failed to demonstrate that this finding was wrong or debatable.

For the reasons stated above, Wilder's application for a certificate of appealability is denied.

Dated: October 25, 2001

JOHN W. DARRAH
United States District Judge

3